O/JS-6

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-2426
   Facsimile:  (213) 894-7177
   E-mail: Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CV 14-07195-JCG |
| Plaintiff, | [~~Proposed~~] CONSENT JUDGMENT |
| vs. | |
| $47,225.03 IN BANK FUNDS, | |
| Defendants. | |
| IDEAL KITCHEN SUPPLY AND NORIK BARSEGHIAN, | |
| Claimants. | |

Plaintiff and Claimant Ideal Kitchen Supply (the "Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant funds were seized from Claimant, and it asserts an interest in the defendant funds. Claimant has filed a responsive pleading in this case asserting an interest in the defendant funds and answering, in part, the allegations of the plaintiff's complaint. The Court construes the Claimant's pleading as a combined claim and answer. No other claims or answers were filed, and the time for filing claims and answers has expired. No other person is believed to have any claim to the defendant funds.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimant has filed a claim and answer to contest the forfeiture of the defendant funds.[1] No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant funds. Any potential claimants to the defendant funds other than Claimant are deemed to have admitted

---

[1] Though a dispute as to the sufficiency of the Claimant's pleading exists, the government waives its objections for the purposes of this Consent Judgment.

the allegations of the complaint with respect to the defendant funds.

    2.   $10,000.00 of the defendant funds, without interest, shall be returned to Claimant through its counsel. The United States Secret Service shall return the defendant $10,000.00 not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimant provides to the government the bank routing and personal identifiers needed to effectuate a wire transfer of the funds, whichever is later. The government shall have judgment against the interests of Claimant (and any potential claimants) as to the $37,225.03 in defendant funds, which assets are hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein. The government shall dispose of the forfeited assets according to law.

    3.   Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the United States Secret Service ("USSS"), as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant funds and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

4. The court finds that there was reasonable cause for the seizure of the defendant funds and the institution of this action as to the defendant funds. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant funds.

5. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant funds.

DATED: March 2, 2015

_____
THE HONORABLE JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

Prepared by:

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Lucas E. Rowe
LUCAS E. ROWE

Special Assistant United States Attorney
Asset Forfeiture Section